HENRY O. BENNUM, JR., *vs.* RALPH T. COURSEY.

*Slander—Evidence—Pleading—Justification—Truth—Malice—*
*Words Actionable in themselves—Damages.*

1. In an action for slander the plea of the truth is a good and suffi-
cient defense if it is clearly and fully established by the evidence in the
case. But the burden of such proof is on the defendant. He must stand
or fall upon his plea of justification or truth. The defendant must prove
that the words uttered by him were true in substance and in fact, as to all
the material facts of a slander, and the charge must be made out by posi-
tive or circumstantial evidence. No suspicion, however strong, will
amount to a justification.

2. The following words spoken by the defendant, viz: "that the
plaintiff was paid the sum of four hundred dollars for voting against cer-
tain bills introduced in the General Assembly, for the suppression, restric-
tion and limitation of the manufacture and sale of intoxicating liquors,"

*held* to impute a crime to the plaintiff and to be in themselves actionable. In such case the law presumes malice, and it is not necessary to prove express malice to entitle the plaintiff to a verdict, for the law implies, from the language used, that he has received some damage.

3. The truth of the charge, where every element thereof is completely established to the satisfaction of the jury, is a good and sufficient defense to the action, and in such case the plaintiff would not be entitled to recover even nominal damages.

*(February* 6, 1908.)

LORE, C. J., and PENNEWILL, J., sitting.

*Daniel J. Layton, Jr.,* for plaintiff.

*Robert G. Houston* and *Robert C. White* for defendant.

Superior Court, Sussex County, February Term, 1908.

CAPIAS IN SLANDER.

PENNEWILL, J., charging the jury:

Gentlemen of the jury:—This action is known in law as slander, and has been brought by the plaintiff, Henry O. Bennum, Jr., against the defendant, Ralph T. Coursey, to recover damages alleged to have been sustained by the plaintiff on account of certain slanderous and defamatory words which are charged to have been uttered by the defendant of, and concerning the plaintiff, in a public discourse delivered by the defendant at a prohibition meeting on the public square in the town of Georgetown, in this county, in the month of October 1906.

The plaintiff's declaration contains three counts, but the words complained of, and for the utterance of which this action was brought, are substantially the same in each of them, and are as follows:

That the said plaintiff was paid the sum of four hundred dollars for voting against certain bills introduced in the General Assembly for the suppression, restriction and limitation of the manufacture and sale of intoxicating liquors.

The defendant admits that the plaintiff was duly elected a Representative in the General Assembly of the State at the General Election held in November 1904, from the Eighth Repre-

sentative District of Sussex County; and continued to act and hold his said office up to and including the day upon which the alleged slander was uttered, to wit, October 9, 1906.

The defendant also admits that he spoke or uttered the alleged slanderous words concerning the plaintiff on the occasion mentioned, and in fact has testified in this case that he then used the following language:

"I am standing within the shadow of the Court House where I can be indicted if I am not telling the truth. I charge Henry O. Bennum with having sold out to the liquor league for four hundred dollars."

While the defendant has pleaded the general issue—not guilty—he relies entirely for his defense upon his other plea, which is that of justification. That is to say, he alleges that he had a right to speak the words complained of because they were true.

The plea of the truth is a good and sufficient defense if it is clearly and fully established by the evidence in the case. But the burden of such proof is on the defendant. He must stand or fall upon his plea of justification, or the truth. The defendant must prove that the words uttered by him were true in substance and in fact, as to all the material facts of the slander, and the charge must be made out by positive or circumstantial evidence. No suspicions, however strong, will amount to a justification. *Parke vs. Blackiston*, 3 *Harr.* 373.

The words spoken by the defendant, and declared upon in this case, impute a crime to the plaintiff and are in themselves actionable. In such case the law presumes malice, and it is not necessary to prove express malice, to entitle the plaintiff to a verdict, for the law implies, from the language used, that he has received some damage. It is not necessary to show that he has sustained any actual or special damage.

In this case the plaintiff does not seek or claim any special or compensatory damages, but only such as the law presumes the plaintiff has received from the language used. Indeed, he has admitted in your presence and hearing that he claims nominal

damages only.   We may say to you that in such case if damages are awarded by the jury they are usually fixed  at six  cents. That is what is ordinarily meant by nominal damages.

But if you are satisfied from the evidence that the defendant has fully and clearly shown that the defamatory words uttered by him concerning the plaintiff, and declared on in this action, were true, the plaintiff would not be entitled to recover even nominal damages, because in that case your verdict should be in favor of the defendant.   The truth of the charge, where every element thereof is completely established by the evidence to the satisfaction of the jury, is a good and sufficient defense to the action.

The only question, therefore, which you are to determine is whether the defendant has clearly shown by the evidence, to your satisfaction, that the defamatory words he uttered respecting the plaintiff were true.   If he has so shown your verdict should be in favor of the defendant Ralph T. Coursey.  If, however, you are not satisfied that he has clearly and fully shown that such words were true your verdict should be in favor of the plaintiff, but only for nominal damages.

Verdict for plaintiff for six cents.